IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CR-381-BR

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| IRESS MARTIN TUCKER | ) | |

This matter is before the court on defendant's supplemental motion for compassionate release. (DE # 47.)

In 2018, defendant pled guilty to distribution and possession with intent to distribute 28 grams or more of cocaine base ("crack cocaine"). The court sentenced him to 121 months imprisonment (imposing a variance from the bottom of the applicable guideline range based on the court's policy disagreement with the crack cocaine sentencing guidelines) and five years supervised release. In June 2020, defendant filed *pro se* a motion for compassionate release. (DE # 44.) Pursuant to Standing Order No. 19-SO-3 (E.D.N.C. Jan. 25, 2019), the court appointed counsel to represent defendant for purposes of the motion. Appointed counsel filed the instant supplemental motion with supporting documents, to which the government filed a response in opposition, (DE # 52). Defendant filed a reply. (DE # 53.)

Defendant requests that the court order that defendant serve the remainder of his sentence on supervised release with the condition of home confinement pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018 ("First Step Act").[1] (Supp. Mot., DE # 47, at 2.) That statute provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—

---

[1] The First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring such a motion. See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

> (1) in any case—
>> (A) the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>> (i) extraordinary and compelling reasons warrant such a reduction . . .
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

The relevant policy statement is set forth in United States Sentencing Guideline § 1B1.13, "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)."[2] "Th[at] policy statement . . . requires: (1) extraordinary or compelling reasons to warrant a reduction in a defendant's sentence, (2) that the defendant is not a danger to the safety of others or the community, and (3) that release from custody complies with § 3553(a) factors." United States v. Lake, No. CR 5:16-076-DCR, 2019 WL 4143293, at *2 (E.D. Ky. Aug. 30, 2019) (citing U.S.S.G. § 1B1.13 (2018)); see also United States v. Kibble, Criminal No. 2:19-00077, 2020 WL 3470508, at *2 (S.D.W. Va. June 25, 2020).

Under the policy statement, extraordinary and compelling reasons justifying a sentence reduction exist based on any of following circumstances:

(A) <u>Medical Condition of the Defendant</u>.—

---

[2] Technically, the policy statement, which was adopted prior to the First Step Act, applies only to motions for compassionate release filed by the BOP. See United States v. Beck, No. 1:13-CR-186-6, 2019 WL 2716505, at *5 (M.D.N.C. June 28, 2019). "The Sentencing Commission has not amended or updated the old policy statement since the First Step Act was enacted, nor has it adopted a new policy statement applicable to motions filed by defendants. While the old policy statement provides helpful guidance, it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i)." Id. at *6-7 (citation and footnote omitted).

2

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
(ii) The defendant is—
  (I) suffering from a serious physical or medical condition,
  (II) suffering from a serious functional or cognitive impairment, or
  (III) experiencing deteriorating physical or mental health because of the aging process,
  that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
(B) <u>Age of the Defendant</u>.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
(C) <u>Family Circumstances</u>.
  (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
  (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
(D) <u>Other Reasons</u>.—As determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B.13, cmt. n.1.

Even if a defendant establishes extraordinary and compelling reasons to support a sentence reduction, the court must still consider the applicable § 3553(a) factors. <u>See</u> 18 U.S.C. § 3582(c)(1)(A); <u>United States v. Chambliss</u>, 948 F.3d 691, 693 (5th Cir. 2020).

> These factors include: "(1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants."

<u>United States v. Adona</u>, No. CR PX-17-345, 2020 WL 4338889, at *2 (D. Md. July 28, 2020) (citation omitted) (alteration in original).

At the outset, the court recognizes that defendant filed with his *pro se* motion a copy of his 14 May 2020 request to the Warden for compassionate release based on a medical condition in conjunction with COVID-19. (Mot., Ex. 2, DE # 44-2.) Defendant did not receive a response to his request, (see Supp. Mot., DE # 47, at 17-18), and the government does not dispute that defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement. Therefore, the court will consider the merits of defendant's motions.

Defendant contends that his sentence should be modified because he suffers from several medical conditions which "collectively make [him] extremely vulnerable to serious illness or death if he were to contract COVID-19." (Id. at 1 (citing Centers for Disease Control and Prevention, Coronavirus Disease 2019 (COVID-19), People Who Are at Higher Risk for Severe Illness, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html); see also id. at 5-11.) The government agrees that defendant has at least one factor heightening his risk of severe illness or death if he were to contract COVID-19. (Resp., DE # 52, at 11-12.) Therefore, it agrees defendant has shown extraordinary and compelling reasons justifying consideration of his compassionate release request. (See id.) However, it argues defendant's request should be denied because the § 3553(a) factors weigh against any reduction in his sentence. (Id. at 13-15.)

Given the government's agreement regarding the existence of extraordinary and compelling reasons, the court considers the relevant § 3553(a) factors and defendant's dangerousness. Defendant is 43 years old. His projected release date, with good time credit, is in about six years. (Supp. Mot., Ex. 3, DE # 47-3, at 1.) He has been incarcerated nearly three years and his security classification is minimum. (Id.) During his incarceration, defendant "has consistently earned above average work evaluations," (id.), and "has maintained clear conduct,"

(id. at 2). He is working towards a GED and has taken educational courses, including a substance abuse program. (Id. at 1, 2.) He has satisfied his financial obligation. (Id.) Upon release, he plans to reside with his spouse and obtain employment as a truck driver. (Mot., DE # 44, at 5 & Ex. 2, DE # 44-2, at 3.)

Prior to his commission of the instant offense, while he was in his 20s, defendant was convicted of four felonies, including ones for drug trafficking. The instant offense concerned defendant's trafficking cocaine and crack cocaine over the course of two years and involved defendant cooking cocaine at his residence and possessing a firearm in connection with his drug activities. (PSR, DE # 28, at 3-5.) While defendant's criminal history is concerning, the Bureau of Prisons has categorized defendant with a low PATTERN score, (Reply, Ex. 1, DE # 53-1), indicating he has a minimum risk of recidivism, see Department of Justice Announces Enhancements to the Risk Assessment System and Updates on First Step Act Implementation, Dep't of Justice (Jan. 15, 2020), https://www.justice.gov/opa/pr/department-justice-announces-enhancements-risk-assessment-system-and-updates-first-step-act (recognizing that the Prisoner Assessment Tool Targeting Estimated Risk and Need ("PATTERN") "is designed to measure risk of recidivism of inmates").

Considering all the circumstances, the court concludes that defendant is not a danger to the safety of others or the community and that reducing his sentence and modifying his special conditions of supervised release satisfy the goals of sentencing, including imposing sufficient punishment and deterring crime. Accordingly, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), defendant's supplemental motion for compassionate release is GRANTED, and defendant's *pro se* motion is GRANTED to the extent it requests relief consistent with his supplemental motion.

Defendant's sentence of imprisonment as reflected in the judgment dated 27 May 2018 is REDUCED to time served. Defendant's special conditions of supervision as reflected in the 27 May 2018 judgment are MODIFIED by the addition of the following:

> The defendant shall abide by all conditions and terms of the home detention program for a period of five years. The defendant shall be restricted to his residence at all times except for pre-approved and scheduled absences for employment, education, religious activities, treatment, attorney visits, court appearances, court obligations or other activities as approved by the probation officer.

All other provisions of the 27 May 2018 judgment shall remain in effect. The BOP may delay defendant's release up to 14 days for quarantine and/or administrative reasons.

This 2 October 2020.

_____
W. Earl Britt
Senior U.S. District Judge